IN THE UNITED STATES DISTRICT COURT
                          FOR THE DISTRICT OF MARYLAND


RAQIYA WHYTE                          *
                                      *
v.                                    *     Civil Action No. WMN-13-2806
                                      *
PP&G, INC., et al.                    *
                                      *
    *    *    *    *    *    *    *    *    *    *    *    *    *    *    *

                                **MEMORANDUM**

   I.    **FACTUAL AND PROCEDURAL BACKGROUND**

   Plaintiff Raqiya Whyte ("Whyte") worked as an exotic dancer at Norma Jean's Nite Club from approximately September 2010 through September 9, 2013.  Norma Jean's Nite Club is owned and operated by Defendant PP&G, Inc. ("PP&G"), which in turn is owned by Defendant Lisa Ireland ("Ireland").  Plaintiff alleges that Defendants improperly classified her as an independent contractor, rather than an employee, and thus failed to pay her a minimum hourly wage under the Fair Labor Standards Act, 29 U.S.C. §§ 201 et seq. ("FLSA").  Additionally, Plaintiff contends that she was wrongfully discharged from her employment at Norma Jean's when Defendants became aware of her involvement as a witness in a similar case against PP&G previously filed in this Court.  See Unique Butler v. PP&G, Inc., Civ. No. WMN-13-430 (filed Feb. 8, 2013).

   Plaintiff filed a Complaint against Defendants, on behalf of herself and all others similarly situated, alleging the

                                       1

following four counts: (I) Violation of Federal Fair Labor Standards Act – Minimum Wage; (II) Violation of Maryland Wage Payment and Wage Collection Law; (III) Wrongful Discharge; and (IV) Retaliation-Wrongful Discharge FLSA.  Plaintiff has since voluntarily dismissed her collective action claims and Counts II and III.  See ECF Nos. 17, 24, 34.  Defendant PP&G filed a counterclaim, alleging that it had entered into a "contractual relationship" with Plaintiff under which she "agreed to provide entertainment services . . . solely as [an] independent contractor[]," agreed in consideration to permit Plaintiff to dance at Norma Jean's and accept gratuities from customers, and "reasonably relied on in good faith, and to their own detriment, the representations and the promises of . . . [Plaintiff's], to provide entertainment services as [an] independent contractor[]."  ECF No. 35 ¶¶ 33-36.  Based on those allegations, PP&G asserts claims for breach of contract and unjust enrichment.

All three parties have filed a Motion to Dismiss. Defendant PP&G's Motion to Dismiss, ECF No. 26, which sought dismissal of Count III of the Complaint, is now moot, as Plaintiff has since voluntarily dismissed Count III.  Defendant Ireland filed a Motion to Dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6), or in the alternative, a Motion for Summary Judgment under Rule 56, ECF No. 41, arguing that she is

not an employer within the meaning of the FLSA.[1]  Last, Plaintiff filed a Motion to Dismiss Defendant PP&G's Counterclaim pursuant to Federal Rule of Civil Procedure 12(b)(1), ECF No. 41, arguing that this Court lacks subject matter jurisdiction over PP&G's counterclaims.[2]  For the reasons stated herein, the Court determines that no hearing is necessary, Local Rule 105.6, and both Ireland's and Plaintiff's Motions to Dismiss will be denied.

I.   **LEGAL STANDARD**

Generally, in considering the sufficiency of a complaint to survive a 12(b)(6) motion to dismiss, the Court considers first whether the complaint contains "factual allegations in addition to legal conclusions."  Robertson v. Sea Pines Real Estate Cos., 679 F.3d 278, 288 (4th Cir. 2012).  Specifically, a complaint must contain "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action," without "further factual enhancement," is not enough.  Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555, 557 (2007).  Secondly, the complaint "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"  Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting

---

[1] Ireland also asserted that Count III must be dismissed as preempted by the FLSA.  That portion of her Motion is now moot.

[2] Plaintiff also filed a Motion for Leave to File her motion to dismiss.  ECF No. 40.  The motion for leave will be granted.

3

Twombly, 550 U.S. at 570).  In order to state a plausible claim for relief, the factual allegations must "be enough to raise a right to relief above the speculative level . . . on the assumption that all the allegations in the complaint are true." Robertson, 679 F.3d at 288 (quoting Twombly, 550 U.S. at 555).

Although a Court is limited to the allegations in a Complaint in ruling on a motion to dismiss, if matters outside the pleadings are presented to and not excluded by the Court, it may treat the motion to dismiss as a motion for summary judgment under Federal Rule of Civil Procedure 56.  See Fed. R. Civ. P. 12(d).  The purpose of summary judgment is to dismiss claims and defenses that lack evidentiary support.  Celotex Corp. v. Catrett, 477 U.S. 317, 323-24 (1986).  Accordingly, the Court will grant a motion for summary judgment if "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law."  Fed. R. Civ. P. 56.  In ruling on a motion for summary judgment, all facts and inferences will be drawn in the light most favorable to the non-moving party. Evans v. Techs. Applications & Serv. Co., 80 F.3d 954, 958 (4th Cir. 1996).

In ruling on a motion to dismiss a counterclaim for lack of subject matter jurisdiction pursuant to Federal Rule of Civil Procedure 12(b)(1), the burden rests on the defendant/counter-plaintiff to establish jurisdiction by a preponderance of the

4

evidence.  Adams v. Bain, 697 F.2d 1213, 1219 (4th Cir. 1982).  Where the factual basis for subject matter jurisdiction is challenged, "the district court should apply the standard applicable to a motion for summary judgment, under which the nonmoving party must set forth specific facts beyond the pleadings to show that a genuine dispute of material fact exists."  Richmond, Fredericksburg & Potomac R.R. Co. v. United States, 945 F.2d 765, 768 (4th Cir. 1991) (citing Trentacosta v. Frontier Pacific Aircraft Indus., 813 F.2d 1553, 1558 (9th Cir. 1987)).

## II. **ANALYSIS**

### A. Ireland's Motion to Dismiss

Defendant Ireland seeks dismissal of the claims against her in their entirety, or, in the alternative, summary judgment in her favor.  Presently pending against Ireland are Counts I and IV of the First Amended Complaint, which each assert violations of the FLSA.  Ireland asserts that, because she does not control day to day operations at Norma Jean's and does not play a role in hiring or firing employees,[3] she is not an "employer" as that

---

[3] Although the Court recognizes that Defendants argue that Plaintiff was an independent contractor and not an employee, the Court will, for purposes of clarity and simplicity, refer to the Plaintiff as an employee in its analysis of Ireland's claims. In so doing, it expresses no opinion as to the ultimate disposition of Defendants' argument on that point.

term is defined in the FLSA, and thus cannot be held liable thereunder.

The FLSA defines an employer, in relevant part, as "any person acting directly or indirectly in the interest of an employer in relation to an employee . . . ." 29 U.S.C. § 203(d). The definition of "employer" is "very broadly cast," and, as a result, courts have "found an employment relationship for purposes of the Act far more readily than would be dictated by common law doctrines." Shultz v. Falk, 439 F.2d 340, 344 (4th Cir. 1971) (citations omitted).

The "determination of whether an employer-employee relationship exists does not depend on 'isolated factors but rather upon the circumstances of the whole activity.'" Gionfriddo v. Jason Zink, LLC, 769 F. Supp. 2d 880, 890 (D. Md. 2011) (quoting Rutherford Food Corp. v. McComb, 331 U.S. 772, 730 (1947)).  To determine whether an individual or entity is an employer, courts generally look to the economic reality of the relationship between the parties, including whether the individual has the authority to hire and fire employees, supervises and controls work schedules or employment conditions, determines the rate and method of payment, and maintains employment records. Caseres v. S & R Mgmt. Co., Civ. No. 12-cv-01358-AW, 2012 WL 5250561, at *3 (D. Md. Oct. 24, 2012) (quoting Khalil v. Subway at Arundel Mills Office Park, Inc., Civ. No.

CCB-09-158, 2011 WL 231793, at *2 (D. Md. Jan. 24, 2011)). Courts have also looked to "the person's job description, his or her financial interest in the enterprise, and whether or not the individual exercises control over the employment relationship." Gionfriddo, 769 F. Supp. 2d at 890. A corporate officer may be personally liable where he or she "exercises a high level of control for the FLSA violations of a corporation." See Pearson v. Professional 50 States Protection, LLC, Civ. No. RDB-09-3232, 2010 WL 4225533, at *4 (D. Md. Oct. 26, 2010) and cases cited therein.

The Court determines that Plaintiff's allegations, as set forth in her Amended Complaint, are sufficient to withstand Ireland's Motion to Dismiss. Plaintiff states that Ireland is the President of PP&G, Inc., and that her duties include "developing the organization's vision and implementing the policies and procedures that allow that vision to be accomplished." Am. Compl. ¶ 5. Plaintiff also alleges that Ireland "sets policies, and sets the direction of the company[, including] . . . determining or calculating and approving fees imposed upon Plaintiff as an exotic dancer." Id. Moreover, Plaintiff argues that she was informed by Walter Robinson, the manager of Norma Jean's, that Ireland instructed him to fire her and ban her from the premises, thus suggesting that Ireland exercised authority over the hiring and firing of the exotic

7

dancers. Id. at ¶ 44, 47. The Court determines that, taken as a whole, the allegations in the Amended Complaint, when assumed to be true, sufficiently assert that Ireland exercised control over Norma Jean's and its employees to be considered an employer under the FLSA.

Although Ireland requests that the Court consider evidence outside the pleadings to convert the motion into one for summary judgment, the Court declines to do so. Although the parties have attached the depositions of Ireland and Walter Robinson from prior litigation, as well as an affidavit executed by Ireland, the Court finds that the factual record is insufficiently developed for the Court to determine whether Ireland is entitled to judgment as a matter of law. See generally Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986) (noting that as a general rule, summary judgment is appropriate only after "adequate time for discovery"). The parties did not produce evidence to prove or disprove many facts specific to Plaintiff's claim, i.e., that Ireland told Robinson that Plaintiff was fired and banned from the club. Additionally, because Ireland's status as an employer was not implicated in the Butler action, the Court does not believe that the Butler depositions explore sufficiently Ireland's relationship with PP&G to determine whether, as a matter of law, she is an employer under the FLSA. Accordingly, because discovery in this

action has not commenced, and the Court believes that it is reasonably likely that facts adduced during discovery will be helpful in determining whether Ireland is entitled to judgment as a matter of law, the Court declines to consider Ireland's motion as one for summary judgment at this time.

**B. Whyte's Motion to Dismiss**

Plaintiff filed a Motion to Dismiss Defendant PP&G's counterclaims for breach of contract and unjust enrichment under Federal Rule of Civil Procedure 12(b)(1), contending that this Court does not have jurisdiction over PP&G's counterclaims. Specifically, Plaintiff argues that PP&G's counterclaim is not compulsory and is not "so related to claims in the action within [the court's] original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution." 28 U.S.C. § 1367(a). Plaintiff asserts that the only link between the FLSA claims and PP&G's counterclaims is the parties' employment relationship, which Plaintiff contends is insufficient to establish jurisdiction.[4]

---

[4] Plaintiff also contends that PP&G is "judge shopping" by "failing to inform this court" of a recently-filed collective action regarding similar assertions in an action brought by a different attorney. ECF No. 47 at 3-4. To the extent that Defendant has an obligation to notify the Court of the relatedness of an action, that notification is required in the later-filed case. See Local Rule 103.1(b).

With respect to Plaintiff's contention that PP&G's counterclaims are intended to "chill" participation in a "very possible"

"In cases such as this one, where neither diversity nor federal question jurisdiction exists over defendant's counterclaims, the counterclaims' status as 'compulsory' or 'permissive' determines whether the court has jurisdiction over them." Williams v. Long, 558 F. Supp. 2d 601, 602-03 (D. Md. 2008) (citing Painter v. Harvey, 863 F.2d 329, 331 (4th Cir. 1988)).  Pursuant to Federal Rule of Civil Procedure 13(a), a compulsory counterclaim is one that, in relevant part, "arises out of the transaction or occurrence that is the subject matter of the opposing party's claim," while a permissive counterclaim does not.  "Accordingly, a compulsory counterclaim is 'within the ancillary jurisdiction of the court to entertain and no independent basis of federal jurisdiction is required.'  By contrast, a permissive counterclaim that lacks its own independent jurisdictional basis is not within the jurisdiction of the court." Williams, 558 F. Supp. 2d at 603 (quoting Painter, 863 F.2d at 331).  If the Court determines that a counterclaim without an independent jurisdictional basis is

---

collective action and will undermine "the goals of collective actions by increasing complexity, creating management difficulties, fragmenting the case into several individual disputes and discouraging participation," ECF No. 41-1 at 12, the Court notes at the outset that Plaintiff has dismissed her collective action claims.  Thus, the latter contentions are irrelevant.  Moreover, notwithstanding Plaintiff's contention that PP&G's counterclaims will "chill" participation in a collective action, the Court does not find dismissal of PP&G's counterclaims to be warranted.

permissive, "it is also concluding that the claim and counterclaim did not 'derive from a common nucleus of operative fact' (and thus that the court lacks supplemental jurisdiction over the counterclaim)." Id. at 603 n.1.

In determining whether a counterclaim is compulsory, courts consider the following four inquiries:

> (1) Are the issues of fact and law raised in the claim and counterclaim largely the same? (2) Would res judicata bar a subsequent suit on the party's counterclaim, absent the compulsory counterclaim rule? (3) Will substantially the same evidence support or refute the claim as well as the counterclaim? and (4) Is there any logical relationship between the claim and counterclaim?

Painter, 863 F.2d at 331 (citing Sue & Sam Mfg. Co. v. B-L-S Constr. Co., 538 F.2d 1048, 1051-53 (4th Cir. 1976)). "A court need not answer all these questions in the affirmative for the counterclaim to be compulsory." Id.

PP&G contends that this Court may exercise supplemental jurisdiction over its counterclaims because they arise from the "common nucleus of operative facts" of Plaintiff's FLSA claims. Specifically, PP&G argues that the employment relationship between the parties is "but one of the operative facts" which creates a nexus between the parties' claims, noting that it seeks a set off against any wages and/or "other accouterments of employment" to which Plaintiff may be entitled of "those service charges or performance fees which were received by Ms. Whyte but

11

were not remitted to PP&G." ECF No. 42-1 at 6. Accordingly, PP&G argues, both the FLSA claims and counterclaims will "focus on the issues concerning the number of hours Ms. Whyte allegedly performed at the Club, whether or not Ms. Whyte was paid for her work by PP&G, and issues related to PP&G's compensation practices." ECF No. 42-1 at 7.

The Court agrees that the issues of fact and law raised by the Plaintiff's claims and PP&G's counterclaims are largely the same. Plaintiff asserts that PP&G failed to pay her minimum wage and/or overtime compensation, while PP&G seeks a set off in the amount of performance fees earned by Plaintiff during the course of her employment. Although "[f]ederal courts have been reluctant to exercise supplemental jurisdiction over state law claims and counterclaims in the context of an FLSA suit where the only connection is the employee-employer relationship," Williams, 558 F. Supp. 2d at 604, that is simply not the case here. PP&G's counterclaim is not related to Plaintiff's claims on the basis of the employer-employee relationship alone; rather, PP&G's ability to recover on its claim appears to the Court to be partially dependent on Plaintiff prevailing on her claim that she is entitled to wages. Specifically, absent a finding that Plaintiff is an employee entitled to wages, PP&G's assertion that Plaintiff was unjustly enriched by the award of minimum wages in addition to performance fees appears moot.

With respect to PP&G's claim for breach of contract, it appears to concern the agreement allegedly signed by Plaintiff which PP&G maintains established her status as an independent contractor.  Accordingly, the issues of fact and law raised by PP&G's counterclaims are largely the same as those raised in Plaintiff's FLSA claims.

With regard to the second inquiry – whether res judicata would bar the counterclaims if not asserted in the present action – the Court does not find a res judicata bar conclusive as to whether the counterclaim is permissive or compulsory.  In Maryland, the doctrine of res judicata "bars the relitigation of a claim if (1) the parties in the present litigation are the same or in privity with the parties to the earlier litigation; (2) the claim presented in the subsequent action is 'identical to that determined or that which could have been raised and determined in the prior litigation'; and (3) there was a final judgment on the merits in the prior litigation." Williams, 558 F. Supp. 2d at 605 (quoting R & D 2001 LLC v. Rice, 938 A.2d 839, 848 (Md. 2008)).  Assuming that res judicata would not bar a subsequent state court action, however, the Court cannot accept Plaintiff's argument for dismissal of PP&G's claims simply on res judicata grounds.  See Painter, 863 F.2d at 333 (noting the difficulty of "using a res judicata test to distinguish between permissive and compulsory counterclaims" and

stating that, assuming the counterclaim "might still be brought in state court, the res judicata test cannot be the controlling one").

As to the final two inquiries, the Court finds that each support a finding that this Court may exercise jurisdiction over PP&G's counterclaims. Although the evidence in support of damages for PP&G's counterclaims might be somewhat different than that set forth in support of damages for Plaintiff's claims, evidence of the agreement signed and the behavior of the parties is relevant regarding the liability aspects of each parties' claims. The Court sees no reason to duplicate consideration of that evidence. Similarly, the Court finds that a logical relationship exists between the claims and counterclaims. As noted supra, PP&G's counterclaims do not rely simply on the employer-employee relationship to "single-handedly create[] a common nucleus of operative fact. . . ." Williams, 558 F. Supp. 2d at 606 (quoting Wilhelm v. TLC Lawn Care, Inc., Civ. No. 07-2465-KHV, 2008 WL 640733, at *3 (D. Ks. Mar. 6, 2008)). To the contrary, PP&G's counterclaims are intertwined with the issues set forth in Plaintiff's FLSA claims. Accordingly, the Court concludes that PP&G's counterclaims are compulsory and thus, the Court has jurisdiction over them. It will therefore deny Plaintiff's motion to dismiss.

III. CONCLUSION

14

For the foregoing reasons, Ireland's Motion to Dismiss or in the alternative for Summary Judgment will be denied, and Plaintiff's Motion to Dismiss will be denied.  A separate order will issue.


                                    _____/s/_____
                                    William M. Nickerson
                                    Senior United States District Judge

DATED:    April 2, 2014