## SETTLEMENT AGREEMENT AND FULL
## AND FINAL RELEASE OF CLAIMS

This Settlement Agreement and Full and Final Release of Claims (the "Agreement") is made and entered into this 4th day of November, 2015, by and between *Raqiya Whyte v. PP&G, Inc.*, Case No. WMN-13-2806 ("Whyte" and/or "Plaintiff") and PP&G, Inc. ("PP&G"), its officers, directors, shareholders, Mrs. Lisa Ireland, Mr. Pete Ireland and employees (collectively, "Defendants"). Plaintiff and the Defendants are collectively referred to as the "Parties."

WHEREAS, Lisa Ireland owns and operates Norma Jean's in Baltimore, Maryland ("Norma Jean's"), and the Plaintiff was previously employed at Norma Jean's;

WHEREAS, Plaintiff contended that she was not paid the required statutory minimum wages and other compensation under the Fair Labor Standards Act (FLSA), along with state supplemental claims; and the Defendants contend that Plaintiff was properly paid all of the wages and other compensation due to her;

WHEREAS, Defendants have denied any and all allegations of wrongdoing asserted by Plaintiff;

WHEREAS, the Parties collectively desire to settle, fully and finally, all differences between them arising from or in any way connected with the Parties' working relationship with each other;

NOW, THEREFORE, in consideration of the mutual covenants and promises contained in this Agreement and other good and valuable consideration, and to avoid unnecessary and/or expensive litigation, it is hereby agreed by and between the Parties as follows:

1. **SETTLEMENT PAYMENTS.** In consideration for the promises contained in this Agreement, Defendants shall pay Plaintiff to settle Plaintiff's FLSA and Maryland claims, as follows

    1.1. The total settlement payment to Plaintiff Whyte and her counsel shall be Thirteen Thousand Dollars ($13,000.00).

2. **APPROVAL BY COURT.** Upon full execution of this Agreement, Plaintiff's counsel shall file with the Court a Joint Motion to Approve the Settlement Agreement (the "Motion"). The Motion is attached to this Agreement as Exhibit A. The Motion shall request that the Court approve this Agreement. The Parties agree that this Agreement is contingent upon the U.S. District Court for the District of Maryland's approval of the entire Agreement and the granting of the Motion, and should the U.S. District Court for the District of Maryland not approve the entire Agreement, the Agreement will be null and void and of no legal effect.

3. **FULL AND FINAL RELEASE.** Except for Defendants' obligations under this Agreement, in consideration for the payments being provided to Plaintiff's counsel by Defendants, Plaintiff, for herself, and for her respective heirs, executors, administrators, successors and assigns, fully, finally and forever waives, releases and discharges the Defendants, including, as applicable, all Defendants' heirs, executors, administrators, parent, subsidiary and/or any alleged affiliated

companies or companies alleged to form a single enterprise or joint employer, as well as their and their successors, assigns, officers, owners, supervisors, members (including but not limited to Lisa Ireland and Pete Ireland, agents, representatives, attorneys, and employees (all of whom are referred to throughout this Agreement as "the Releasees")), of and from all claims, demands, actions, causes of action, suits, damages, losses, and expenses, of any and every nature whatsoever, known or unknown, as a result of actions or omissions occurring from the beginning of time through the date of this Agreement. Without limiting the generality of the foregoing, specifically included in this waiver and release are, among other things, any and all claims of alleged retaliation, the failure to pay wages (including the minimum wage), the improper taking of a tip credit, the failure to pay overtime, retaliatory discharge, discrimination, harassment or retaliation in employment on the basis of race, color, sex, religion, national origin, age, disability, handicap, marital status, or any other category protected by applicable federal, state or local law, and/or the violation of any rights under: Title VII of the Civil Rights Act of 1964; the Civil Rights Acts of 1866 and 1871; the Civil Rights Act of 1991; the Equal Pay Act; the Americans with Disabilities Act; the Family and Medical Leave Act; the Fair Labor Standards Act; the Employee Retirement Income Security Act of 1974; the National Labor Relations Act; the Immigration Reform and Control Act of 1986; the Occupational Safety and Health Act; the Fair Credit Reporting Act; the Sarbanes-Oxley Act of 2002; the Maryland Wage and Hour Law; and the Maryland Wage Payment Collection Law; or any other federal, state or local laws or regulations prohibiting employment discrimination or regulating employment, the payment of wages or the termination of employment in any way, negligent or intentional infliction of emotional distress, breach of contract, fraud, or any other unlawful behavior, the existence of which is specifically denied by the Defendants. This Agreement does not bar either party from bringing an action to enforce the terms of this Agreement in the event of a breach and/or default, and the Parties agree that the Court shall retain jurisdiction to enforce this Agreement.

4.  **DISMISSAL WITH PREJUDICE.** Plaintiff shall ask the Court to dismiss her claims with prejudice within ten days of the date of the execution of this Agreement.

5.  **MEDICARE WARRANTY**: Plaintiff warrants that no Plaintiff is a Medicare beneficiary as of the date of this Agreement. Because no Plaintiff is a Medicare recipient as of the date of this Agreement, no conditional payments have been made to any Plaintiff by Medicare. Plaintiff will indemnify, defend, and hold Defendants harmless from any and all claims, liens, Medicare conditional payments and rights to payment, known or unknown. If any governmental entity, or anyone acting on behalf of any governmental entity, seeks damages including multiple damages from Defendants and/or Defendants' insurance companies and/or reinsurance companies relating to payment by such governmental entity, or anyone acting on behalf of such governmental entity, relating to Plaintiff's alleged injuries, claims, or the Complaint, Plaintiff will defend and indemnify Defendants and hold Defendants harmless from any and all such damages, claims, liens, Medicare conditional payments, and rights to payment, including any attorneys' fees, sought by such entities. This settlement is based upon a good faith determination of the Parties to resolve a disputed claim. The Parties have not shifted responsibility of medical treatment to Medicare in contravention of 42 U.S.C. § 1395y(b). The Parties resolved this matter in compliance with both state and federal law. The Parties made every effort to adequately protect Medicare's interest and incorporate such into the settlement terms of this Agreement.

6.  **NON-ADMISSION OF LIABILITY OR WRONGFUL CONDUCT.** This

Agreement shall not be construed as an admission by the Defendants of any liability or acts of wrongdoing, nor shall it be considered to be evidence of such liability or wrongdoing. Defendants do not admit, and specifically deny, any liability to Plaintiff, and any wrongdoing or violation of any law, statute, regulation, agreement or policy, and that Defendants are entering into this Agreement and providing the payments and benefits set forth herein solely for the purpose of avoiding the burdens and expenses of further litigation. The Parties acknowledge and agree that no judgment has been entered as to any findings of liability or wrongdoing of any kind by any court of law or administrative agency.

7. **GOVERNING LAW/VENUE.** This Agreement is to be interpreted, enforced, and governed by and under the laws of Maryland, without giving effect to the conflict of laws rules and principles thereof.

8. **SOLE AND ENTIRE AGREEMENT.** This Agreement sets forth the entire agreement between the Parties. Any prior agreements between or directly involving the Parties to the Agreement are superseded by the terms of this Agreement and thus are rendered null and void.

9. **SUCCESSORS AND ASSIGNS.** This Agreement shall be binding upon and inure to the benefit of Defendants, Releasees, and Plaintiff, and their respective heirs, attorneys, administrators, representatives, executors, successors and assigns.

10. **CONSTRUCTION.** This Agreement shall not be construed against the party preparing it, but shall be construed as if all Parties jointly prepared this Agreement and any uncertainty and ambiguity shall not be interpreted against any one party.

11. **HEADINGS.** The headings or titles of the paragraphs contained herein are for guidance purposes only and have no force or effect, nor do they in any way alter the terms or meaning of this Agreement.

12. **AGREEMENT IS KNOWING AND VOLUNTARY.** Plaintiff further represents and acknowledges that none of the Releasees have made any representations, statements, promises, inducements, threats or suggestions to influence her to sign this Agreement, except those promises and other statements which are expressly set forth herein. This Agreement has been prepared in English and its English interpretation shall only apply to the Agreement and shall be binding upon the Parties. Plaintiff represents and warrants that she has fully discussed this Agreement with her attorneys, has consulted with a translator of their choosing, if a Plaintiff deems translation to be necessary and/or desirable, and that all terms are understood and that the execution of this Agreement is completely voluntary.

13. **NO DISRUPTION OF BUSINESS OPERATIONS.** Plaintiff agrees that she will not at any time enter the Defendant's premises, loiter or stand at or in front of the premises (in such a way that could reasonably disrupt entrance or egress to the facility) and will not do anything to encourage or induce any former, current or future employee to pursue any litigation or claims against the Defendant, and the Defendant's successors and assigns involving any of the claims, similar claims and/or violations of the same Federal and State statutes, rules, or regulations.

14. **CONFIDENTIALITY.** Except as expressly provided herein, neither the Plaintiff nor anyone on her behalf will, in any manner, directly or indirectly, inform, disclose to or discuss the nature of the Settlement including the amount of the Settlement described above or the terms of the Agreement to any former, current or future employee or independent contractor. A breach of this section will constitute a material breach of the Agreement. In the event of any subsequent action to attempt to prosecute an alleged breach of this section, the prevailing party shall be entitled to recover reasonable attorney's fees and litigation costs associated with prosecuting or defending such action.

15. **ELECTRONIC SIGNATURES/COUNTERPARTS.** Defendants and Plaintiff agree that this Agreement may be executed in counterparts, each of which shall be deemed an original, but such counterparts shall together constitute one and the same Agreement. The signature and execution of this Agreement by any of the Parties may be evidenced by facsimile, photocopy, or electronic transmission and such signature and execution shall be deemed to constitute the original signature of the party.

*PLEASE READ THIS DOCUMENT CAREFULLY. THIS AGREEMENT INCLUDES A RELEASE OF ALL KNOWN AND UNKNOWN CLAIMS.*

IN WITNESS WHEREOF, the Parties have executed this Agreement with the intention of executing a legally binding agreement.

Date: 11/5/15

_____
Raqiya Whyte

PP&G, INC.

Date: _____   By: _____

Date: _____   _____
                        Lisa Ireland

Date: _____   _____
                        Pete Ireland

4

14. **CONFIDENTIALITY**. Except as expressly provided herein, neither the Plaintiff nor anyone on her behalf will, in any manner, directly or indirectly, inform, disclose to or discuss the nature of the Settlement including the amount of the Settlement described above or the terms of the Agreement to any former, current or future employee or independent contractor. A breach of this section will constitute a material breach of the Agreement. In the event of any subsequent action to attempt to prosecute an alleged breach of this section, the prevailing party shall be entitled to recover reasonable attorney's fees and litigation costs associated with prosecuting or defending such action.

15. **ELECTRONIC SIGNATURES/COUNTERPARTS**. Defendants and Plaintiff agree that this Agreement may be executed in counterparts, each of which shall be deemed an original, but such counterparts shall together constitute one and the same Agreement. The signature and execution of this Agreement by any of the Parties may be evidenced by facsimile, photocopy, or electronic transmission and such signature and execution shall be deemed to constitute the original signature of the party.

*PLEASE READ THIS DOCUMENT CAREFULLY. THIS AGREEMENT INCLUDES A RELEASE OF ALL KNOWN AND UNKNOWN CLAIMS.*

IN WITNESS WHEREOF, the Parties have executed this Agreement with the intention of executing a legally binding agreement.

Date: _____     _____
                                   Raqiya Whyte

                                   PP&G, INC.

Date: _____     By: *[signature: Lisa Ireland]*

                                   *[signature: Lisa Ireland]*
Date: _____     _____
                                   Lisa Ireland